Citation Nr: AXXXXXXXX
Decision Date: 09/30/21 Archive Date: 09/30/21

DOCKET NO. 200302-72442
DATE: September 30, 2021

REMANDED

Entitlement to a compensable rating for pneumothorax of the left lung with mild respiratory impairment is remanded.

REASONS FOR REMAND

The Veteran served on active duty from October 1953 to April 1974.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2019 rating decision issued by a Department of Veterans Affairs (VA) Agency of Original Jurisdiction (AOJ). 

This appeal comes before the Board subject to the modernized system of review under the Appeals Modernization Act (AMA). In a VA Form 10182, Decision Review Request: Board Appeal, which was received in March 2020, the Veteran elected the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal, as well as any evidence submitted by the Veteran at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

Under the AMA, if the Board identifies a pre-decisional duty to assist error that existed at the time of the AOJ's decision on the claim under review, the claim must be returned for correction of the error and readjudication. 38 C.F.R. § 3.2601(g).

Entitlement to a higher rating for pneumothorax of the left lung is remanded.

The Veteran seeks a compensable rating for his service-connected pneumothorax of the left lung with mild respiratory impairment.

During his January 2021 Board hearing, the Veteran stated that he had shortness of breath since active service and that his service-connected lung condition had worsened. In 2019, he had been diagnosed with idiopathic pulmonary fibrosis (IPF). However, the Veteran stated that Dr. S., the Veteran's treating physician at Cabrini Hospital, noted that the Veteran's worsening lung function was related to his service-connected lung condition. VA treatment records of record at the time of the rating on appeal note that the Veteran received treatment from Cabrini Hospital for his lung condition; however, Cabrini Hospital treatment records are not of record. Also, VA and private treatment records indicate that the Veteran has had difficulty breathing since at least January 2017, which is the earliest treatment of record. 

In October 2018, the Veteran underwent a VA examination and was diagnosed with chronic obstructive pulmonary disease (COPD), IPF, and pneumothorax of the left lung with mild respiratory impairment. The examiner found that the pneumothorax was acute and resolved and that IPF and COPD were unrelated new diseases; however, the nurse practitioner did not provide a rationale for her finding. In March 2019, the Veteran underwent another VA examination and was diagnosed with IPF and pneumothorax of the left lung with mild respiratory impairment. The examiner noted that the Veteran reported increase in severity of shortness of breath and decline in oxygen saturation over the past 18 months. The examiner noted that the Veteran did not have multiple respiratory conditions, yet identified two active diagnoses and appeared to relate the "mild respiratory impairment" to the diagnosis to pneumothorax of the left lung." 

The Board finds that there are pre-decisional errors in the duty to assist. First, the entire treatment record was not reviewed by the examiners as the Cabrini Hospital records were not associated with the Veteran's file. Also, the earliest treatment records available note that the Veteran had shortness of breath and the Veteran maintained that he had difficulty breathing since active service due to his service-connected lung disability. Therefore, the 2018 VA examiner's finding that the Veteran's service-connected lung condition had resolved without residuals and without rationale is not supported by the record. Also, the March 2019 VA examiner's current diagnosis of pneumothorax of the left lung with mild respiratory impairment contradicts the 2018 VA examiner's finding. The March 2019 VA examiner did not differentiate the symptoms of the Veteran's multiple diagnoses. Therefore, the offered findings represent a pre-decisional error in the duty to assist that must be corrected on remand.

The matters are REMANDED for the following action:

1. Request authorization from the Veteran to associate with the claims file all of his treatment records from Cabrini Hospital related to his treatment for respiratory conditions. If the authorization cannot be obtained or the records cannot be located and/or no such records exist, the record should be annotated to reflect this.

2. Then, obtain an addendum opinion by an appropriate clinician to determine the current severity of his service-connected lung disability. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran's disability under the rating criteria. The examiner should differentiate the symptomatology of his service-connected lung condition from any other nonservice-connected respiratory conditions and specifically comment of the etiology of the Veteran's complaints of shortness of breath since service. 

The need for additional physical examination of the Veteran to respond to the Board's inquiry is left to the discretion of the examiner.

The examiner should provide a complete rationale for all opinions expressed and conclusions reached. If it is not possible to provide an opinion without speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), a deficiency in the record (additional facts are required), or the examiner (does not have the knowledge or training).

 

 

S. L. Kennedy

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Costello, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.